**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MERYEM ALI,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **FACEBOOK, INC. and** | § | |
| **ADEEL SHAH KHAN,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S INDEX OF MATTERS BEING FILED - PART 1**

| EXHIBIT No. | Document Description |
|---|---|
| A | Executed Citation to Facebook, Inc. |
| B | Civil Process Request |
| C | Civil Case Information Sheet |
| D | Civil Process Pick-up Form |
| E | Plaintiff's Original Petition |

Exhibit  A

CAUSE NUMBER ___201442805___

| | |
|---|---|
| **PLAINTIFF:** ALI, MERYEM<br>vs.<br>**DEFENDANT:** FACEBOOK INC | **In The** 270th<br>**Judicial District Court of**<br>**Harris County, Texas** |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: FACEBOOK INC BY SERVING ITS REGISTERED AGENT CORPORATIONS SERVICE
COMPANY

211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___

This instrument was filed on the ___25th___ day of ___July___, 20 __14__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___31st___ day of ___July___, 20 __14__.

Issued at request of:
ALTENBERN, DAVID T.
ONE RIVERWAY SUITE 2300
HOUSTON, TX 77056
Tel: (713) 961-8012
Bar Number:  1117870

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** SCOTT, JOHN L  QGT//9888858

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the __3__ day of __OCT.__, 20__14__, at __240__ o'clock __P__.M., endorsed the date of delivery thereon, and executed it at _____, _____,
(street address)          (city)

in _____ County, Texas on the __3__ day of __OCT.__, 20__14__, at _____ o'clock ___. M., by delivering to _____, by delivering to its
(the defendant corporation named in citation)

_____, in person, whose  name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
(description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____                     By: _____
(signature of officer)

Printed Name: _____

_____          As Deputy for: _____
**Affiant Other Than Officer**                    (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
Notary Public

N.INT.CITC.P

## 2014-42805 / Court: 270

Cause No. _____

| | | |
|---|---|---|
| MERYEM ALI, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FACEBOOK, INC. and | § | |
| ADEEL SHAH KHAN, | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## *Plaintiff's Original Petition*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, *Plaintiff, Meryem Ali*, by and through her undersigned attorney *David T. Altenbern of the Law Firm of Altenbern & Associates, P.L.L.C.* hereby complaining of *Facebook, Inc. (hereinafter "Facebook") and Adeel Shah Khan (hereinafter "Adeel")*. In support of this *Plaintiff's Original Petition, Plaintiff* would respectfully demonstrate to this Court as follows:

### *Discovery Plan - Level 3*

*1. Plaintiff intends to conduct discovery in this lawsuit pursuant to level 3 of the Texas Rules of Civil Procedure.*

1

## *Summary of Action*

2. This action is what has become known in relative recent times as a *"revenge porn"* case. In simple terms *Defendant Adeel* is an ex *"friend"* of *Plaintiff* of about *five (5) years ago,* who for his own perverted pleasure decided to start an *"imposter Facebook site"*, falsely pretending it was a legitimate *Facebook, Inc.* site of *Plaintiff.* The *photos of the imposter site* set up by *Defendant Adeel*, however, involved *"doctored and photo shopped photographs"* that depict the *true face of Plaintiff attached to false, phony, naked body shots,* and at least one pose where there is *Plaintiff* in a graphic pornographic like photo of *Plaintiff* purporting to be in the middle of a sexual act. This sex act photo was distributed without the consent or approval or knowledge of *Plaintiff* to the *Facebook* world of 1.23 billion subscribers worldwide (and other potential non *Facebook* subscribers of unknown numbers).

3. Then upon *Plaintiff* receiving notice in *December 2013* from some of her family members and friends who were invited via *Facebook* by *the subject imposter site* to become *"Facebook friends of Plaintiff" (for a Plaintiff who had been <u>entirely</u> <u>off</u> Facebook <u>for</u> <u>several</u> months beforehand).* *Defendant Facebook* failed to live up to its worldwide marketing and advertising promise to remove the subject *Facebook* imposter site within a reasonable period of time, despite repeated requests of *Plaintiff and, Plaintiff's* friends, and *Plaintiff's* family members *(through proper Facebook procedures)* to do so *over a period of months.*

4. Indeed, only after the above referenced failures of *Defendant* to remove the clearly offensive subject imposter site over an <u>*extended*</u> <u>*period*</u> <u>*of months*</u> <u>*in the face of multiple unsuccessful attempts and requests to "remove this Meryem Ali imposter site,"*</u> and only after the Houston Police Department subpoenaed *Defendant Facebook* records to help *search and trace, and locate the true source for the starting and maintenance and continued false representations of the subject imposter Facebook site over the <u>months</u> that the imposter site remained "active and up on Facebook" did Defendant Facebook finally*

*deactivate the clearly offensive, disparaging, and defamatory imposter site.*

5. *This action is brought to seek full justice for the significant trauma, extreme humiliation, extreme embarrassment, severe emotional disturbances, and severe mental and physical suffering that Plaintiff has unfortunately suffered and experienced due to the unconscionable activities and gross failures of Defendant Adeel and Defendant Facebook that are the subject of this action*, for which *Plaintiff* seeks a *significant award of actual/compensatory and punitive/exemplary damages* from *Defendants*. By this action, *Plaintiff* seeks to *expose the frailties and failures of the falsely advertised, and false promoted privacy mechanisms of Defendant Facebook the largest social network in the world*, and the *significant damages that result to innocent individuals* like *Plaintiff* as a result of those frailties and failures that *Defendant Facebook's upper management, officers, directors, and key employees* have *long known about and essentially concealed*. The true nature of the frailties and failures of its systems upon the *unsuspecting and innocent public.*

4

<u>*Parties, Jurisdictional, and Venue*</u>

6.    *Plaintiff is qualified in all ways to commence and maintain this action.*

7.    *Defendant Facebook, Inc. is subject in all ways to the jurisdiction of this Court. Moreover, Defendant Facebook* may be ***personally served*** with the *citation* and this ***Plaintiff's Original Petition*** by personally serving the ***registered agent*** of ***Defendant Facebook*** at the following addresses:

**Facebook, Inc.**
**c/o Registered Agent**
**Corporations Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701**

**and**

8.    *Defendant Adeel Shah Khan is subject in all ways to jurisdiction of this Court. Defendant Adeel* may be personally served with the ***citation*** and ***Plaintiff's Original Petition*** as follows:

**Adeel Shah Khan**
**881 Heritage Drive**
**Addison, Illinois 60101**

*9.* This Court possesses both the *subject matter jurisdiction* and *personal jurisdiction* over the *claims* and the *parties* of this lawsuit. *The subject matter of this lawsuit and substantial activities which form the basis of this lawsuit occurred in Houston, Harris County, Texas at the time of the filing of this lawsuit.* Therefore, *venue* is also *proper in this Court.*

## Damages - Maximum Amount to be Sought at Trial

*10.* *The maximum amount of actual exemplary/punitive damages that Plaintiff will seek at the time of trial against Defendant Adeel Shah Khan and Defendant Facebook, Inc. is $123,000,000.00 (which represents .10 cents on the dollar for each of the 1.23 billion current subscribers to Defendant Facebook, Inc.).*

## Facts Common To All Counts

*11.* This is a *revenge porn* case in which *Defendant Adeel Shah Khan* is an ex-friend of *Plaintiff* who negligently, knowingly, and/or intentionally, maliciously and/or with gross negligence, made a conscious disregard for the reasonable privacy rights of *Plaintiff Meryem Ali* by creating an *"imposter or impersonator Facebook site of Meryem Ali" without the knowledge, consent, or approval of Plaintiff.* This false site was posted and *distributed throughout the extensive worldwide empire and reach of Defendant Facebook* with *pornographic like photographs* that depict the true face of *Plaintiff*, but with

*"photo shopped" naked bodies of unknown persons* other than *Plaintiff*, which were attached to *Plaintiff's* true face, but which were not in fact true photographs of *Plaintiff's body.* *These phony photos falsely and maliciously depicted Plaintiff in a clearly derogatory and false light.* These unconscionable activities and pornographic photos were distributed in an effort and with the *intentional and/or negligent result and side effect of causing extreme emotional distress on the part of Plaintiff.* *The images presented a set of Facebook, Inc.'s communications which were false and defamatory.* *The images specifically and falsely depicted Plaintiff as some overly bold and overly aggressive sexual person, which Plaintiff in fact and truth is not.* By contrast, the *Plaintiff* in fact and truth never gave consent or approval - - and never would have given any such consent or approval - - for such unconscionable and offensive/pornographic depictions of *Plaintiff.*

12. Despite requested and multiple requests made to *Defendant Facebook* to *"remove the imposter site"* at issue, *Facebook* was **negligent** and grossly **negligent** in failing to remove the subject imposter site over a relatively long period of time in light of the issue and circumstances involved in this lawsuit.

*13.* In fact and truth, ***Defendant Facebook*** miserably failed at its promise to its 1.2 billion publicly reported subscribers and the media to promptly remove imposter sites such as that involved in this lawsuit once ***Facebook*** receives notice that a particular ***Facebook*** profile at issue is an imposter site. Indeed, although it is not widely known given the extensive efforts of ***Defendant Facebook*** to establish, protect, and maintain at all times a public persona that ***Facebook*** is *"user friendly"* and will go to great expense and extent to protect the privacy of its subscribers such as ***Plaintiff, Defendant Facebook, Inc.*** has paid millions of dollars in response to allegations regarding the failures of ***Defendant Facebook*** to in fat protect the privacy rights of its subscribers.

*14.* Contrary to its public persona, ***Facebook's upper management knows that its operations regularly allow for the compromising in significant ways of the reasonable and expected privacy rights of its subscribers such as Plaintiff.*** Indeed ***Facebook, Inc.*** paid ***tens of millions of dollars*** due to privacy concern violations alleged against ***Facebook.*** Moreover, ***despite a relatively recent jury verdict against Facebook from a Houston, Harris County, Texas*** earlier this year for ***$500,000.00 (Five Hundred Thousand Dollars)*** due to privacy concern violations, ***Facebook has made little to no changes to providing better security for the privacy concerns of its subscribers that has also drawn significant media attention.***

8

*15.*    This lawsuit is intended by *Plaintiff* and *Plaintiff's counsel* to get *Defendant Facebook,* its officers, directors, management, employees and subscribers *(with media attention)* to *stand up, take notice and pay attention to the serious privacy violations concerns involved in revenge porn situations, such as what has occurred in this with respect to Plaintiff and the emotionally destructive injury issues involved in this lawsuit.    The days of the rapid growth and rapidly increasing profits for the now public corporation Facebook without adequate attention to the serious privacy right concerns revolving around and throughout the Facebook world   and social media world needs significant scrutiny and correction.    The days of "business as usual" with respect to how Facebook handles privacy rights/security issues needs to end.   Re-examination* of the *serious privacy rights/security issues* involving *Facebook* and its vast worldwide web of subscribers and others is *long overdue* and *clearly warranted, especially with the virtually nonresponsive and clearly unacceptable way that Facebook has dealt with and failed to deal with the serious privacy/rights security/revenge porn/imposter Facebook site concerns raised by Plaintiff and others on behalf of Plaintiff in situations at issue in this lawsuit.*

## Count I. (Negligence Against Defendant Facebook, Inc.)

16. *The above-referenced paragraphs are incorporated herein by reference for all purposes.*

17. *Defendants* were *negligent* toward *Plaintiff* on the *date, time, and occasion*, and in the *manner (both specific acts and specific failures to act)* as referenced above. Said negligence of *Defendants directly* and *proximately caused Plaintiff* the *actual damages* complained about herein. *Defendants are therefore liable to Plaintiff for Plaintiff's reasonable and necessary medical care and/or psychological counselling, expenses, lost earnings, and mental suffering (all past and future),to the extent that the same have been suffered by Plaintiff as a direct and proximate result of the aforementioned negligence of Defendant.*

## Count II. (Breach of Contract Against Defendant Facebook, Inc.)

18. *The above-referenced paragraphs are incorporated herein by reference for all purposes.*

19. *By the conduct and failures of Facebook as set forth above, Facebook breached its promises and agreements with Plaintiff for which Defendant Facebook should be liable to Plaintiff for not only actual/compensatory damages, but also for reasonable attorneys fees incurred by Plaintiff in the prosecution of this lawsuit and in amount to be proven at the time of trial.*

10

## Count III. (Gross Negligence Against Both Defendants)

20.     The above-referenced paragraphs are incorporated herein by reference for all purposes.

21.     This gross negligence of Defendants directly and proximately caused Plaintiff significant actual damages. At a minimum, Defendants' gross negligence as alleged herein substantially contributed to causing the Plaintiff damage and harm which is the subject of this lawsuit.

22.     As a result of Defendants' gross negligence, Plaintiff is legally entitled to recover from Defendants in this lawsuit not only actual damages in an amount to be proven at the time of trial, but also punitive/exemplary damages in an amount sufficient to adequately punish Defendants under the overall circumstances of this case, and to deter Defendants and others from engaging in the future with conduct that is complained about in this lawsuit.

23.     Given the above referenced circumstances, *Defendants'* conduct amounted to *gross negligence* under established *Texas law*, and for which *Defendants* are liable to *Plaintiff* for *punitive/exemplary damages* in an amount to be determined by the trier of fact to be *just and warranted under the overall circumstances of this case, and in furtherance of the policies for which punitive/exemplary damages are designated to serve.*

## Count IV. (Intentional Infliction of Emotional Distress Against Defendant)

24. The above-referenced paragraphs are incorporated herein by reference for all purposes.

25. Defendants' above referenced misconduct amounts to extreme, outrageous and unconscionable conduct that was intended by Defendant to inflict extreme emotional distress upon Plaintiff. The complained about conduct was not legally justified and is not something for which there is any legal excuse under the law. By engaging in such conduct, Defendants did indeed cause Plaintiff extreme emotional distress for which Plaintiff seeks an award of actual/compensatory damages and punitive/exemplary damages in amounts to be determined by the trier of fact as being just under all of the circumstances at issue in this lawsuit.

## Count V. (Invasion of Privacy Against Both Defendants)

26. The above-referenced paragraphs are incorporated herein by reference for all purposes.

27.    At all relevant times, *Plaintiff* had a reasonable expectation of privacy with respect to any photograph that would depict *Plaintiff's* face and any naked body as part of the same photograph. The *Defendants* complained about conduct amounts to an ***unlawful invasion of the Plaintiff's right to privacy***, for which *Defendants* should rightfully be held liable not only for a ***significant award of actual/compensatory damages, but also a very sizable award of punitive/exemplary damages in an amount sufficient to punish Defendants for their wrongdoing, as well as deter Defendant and others similarly inclined as Defendant from ever again engaging in the aggregious and unconscionable conduct complained about in this lawsuit.***

### *Requests for Disclosure*

28.    *Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days of service of this request, the information or materials described in rule 194.2 (a) - (k).*

13

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for a Judgment against Defendants as follows:

a.   For *actual damages* in an amount to be proven at the time of trial; and

b.   For *punitive/exemplary damages* as set forth above; and

c.   For taxable *Costs of Court*; and

d.   For *pre-judgment interest* and *post-judgment interest* at the *maximum rates* permitted by *Texas law*; and

e.   *For all such other relief, at law and in equity, to which this Court deems just under the circumstances of this case.*

Respectfully submitted,

**DAVID T. ALTENBERN**
*Attorney/Mediator*
*Altenbern & Associates, P.L.L.C.*
**State Bar No. 01117870**
**One Riverway, Suite 2300**
**Houston, Texas 77056**
*Tel: (713) 961-8012*
*Fax: (713) 961-8022*
*email: davidalt22@hotmail.com*
*website: www.attorneyaltenbern.com*
**Attorney for Plaintiff**

14

Exhibit B

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

CASE NUMBER: _____    CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): _____

FILE DATE OF MOTION: _____
                           Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Facebook, Inc.

   ADDRESS: 211 East 7th Street, Suite 620, Austin,Texas 78701

   AGENT, (if applicable): Corporations Service Company

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation and Original Petition

   **SERVICE BY** (check one):
   - [x] ATTORNEY PICK-UP          [ ] CONSTABLE
   - [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
   - [ ] MAIL                       [ ] CERTIFIED MAIL
   - [ ] PUBLICATION:
     Type of Publication:   [ ] COURTHOUSE DOOR, or
                            [ ] NEWSPAPER OF YOUR CHOICE: _____
   - [ ] OTHER, explain _____

*********************************************************************************

****

2. NAME: Adeel Shah Khan

   ADDRESS: 881 Heritage Drive, Addison, Illinois 60101

   AGENT, (if applicable): _____

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation and Original Petition

   **SERVICE BY** (check one):
   - [x] ATTORNEY PICK-UP          [ ] CONSTABLE
   - [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
   - [ ] MAIL                       [ ] CERTIFIED MAIL
   - [ ] PUBLICATION:
     Type of Publication:   [ ] COURTHOUSE DOOR, or
                            [ ] NEWSPAPER OF YOUR CHOICE: _____
   - [ ] OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: David T. Altenbern                    TEXAS BAR NO./ID NO. 01117870

MAILING ADDRESS: One Riverway, Suite 2300, Houston,TX 77056

PHONE NUMBER: 713     961-8012          FAX NUMBER: 713     961-8022
              area code   phone number                 area code   fax number

EMAIL ADDRESS: davidalt22@hotmail.com

CIVIC109 Revised 9/2/08

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

**ORIGINAL PETITION**
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/3/99

Exhibit C

# CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED Meryem Ali, Plaintiff vs Facebook, Inc. and Adeel Shah Khan, Defendants
*(e.g. John Smith v. All American Insurance Co.; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** David T. Altenbern  **Email:** davidalt22@hotmail.com | **Plaintiff(s)/Petitioner(s):** Meryem Ali | ☑ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** One Riverway Ste 2300  **Telephone:** (713) 961 8012 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, TX 77056  **Fax:** (713) 961 8022 | **Defendant(s)/Respondent(s):** Facebook, Inc. and Adeel Shah Khan | Custodial Parent: |
| **Signature:** David T. Alt  **State Bar No:** 01117E70 | | Non-Custodial Parent: |
| | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-Judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐ Enforcement |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Modification—Custody |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Other |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | **Title IV-D** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | ☐ Enforcement/Modification |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property | ☐ No Children | ☐ Paternity |
| | ☐ Legal | | | ☐ Reciprocals (UIFSA) |
| *Foreclosure* | ☐ Medical | | | ☐ Support Order |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: | ☐ Grandparent Access |
| ☐ Other Contract: | | | | ☐ Parentage/Paternity |
| | ☒ Other Injury or Damage: Negl. / Gross Negl. Br. of Contract / Intentional Infliction of Emotional Harm & Injury | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment | ☐ Intellectual Property | ☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Exhibit D



# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2014-42805

ATY_____✓_____          CIV_____          COURT 270th

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| ATTORNEY: _David T. Altenbern_   PH:(713) 961-8012 |
| CIVIL PROCESS SERVER: _____ |
| PH: _____ |
| PERSON NOTIFIED SVC READY: _____ |
| DATE: _____ |

Type of Service Document:  Citation   Tracking Number _73041467_
Type of Service Document:  Citation   Tracking Number _730414 63_
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____
Type of Service Document:  Citation   Tracking Number_____

Process papers prepared by: **john scott**

Date: ___7/31___2014      30 days waiting_____-_____-_____

| |
|---|
| Process papers released to: _____ |
| Process papers released by: _____ |
| Date: ___9/16___,2014   Time: 8.50  (AM)/ PM |

Exhibit E

Cause No. _____

| | | |
|---|---|---|
| MERYEM ALI, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FACEBOOK, INC. and | § | |
| ADEEL SHAH KHAN, | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## *Plaintiff's Original Petition*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, *Plaintiff, Meryem Ali*, by and through her undersigned attorney *David T. Altenbern of the Law Firm of Altenbern & Associates, P.L.L.C.* hereby complaining of *Facebook, Inc. (hereinafter "Facebook") and Adeel Shah Khan (hereinafter "Adeel")*.  In support of this *Plaintiff's Original Petition, Plaintiff* would respectfully demonstrate to this Court as follows:

### *Discovery Plan - Level 3*

1. *Plaintiff intends to conduct discovery in this lawsuit pursuant to level 3 of the Texas Rules of Civil Procedure.*

1

### *Summary of Action*

2. This action is what has become known in relative recent times as a *"revenge porn"* case. In simple terms *Defendant Adeel* is an ex *"friend"* of *Plaintiff* of about *five (5) years ago,* who for his own perverted pleasure decided to start an *"imposter Facebook site"*, falsely pretending it was a legitimate *Facebook, Inc.* site of *Plaintiff.* The *photos of the imposter site* set up by *Defendant Adeel*, however, involved *"doctored and photo shopped photographs"* that depict the *true face of Plaintiff attached to false, phony, naked body shots,* and at least one pose where there is *Plaintiff* in a graphic pornographic like photo of *Plaintiff* purporting to be in the middle of a sexual act. This sex act photo was distributed without the consent or approval or knowledge of *Plaintiff* to the *Facebook* world of 1.23 billion subscribers worldwide (and other potential non *Facebook* subscribers of unknown numbers).

*3.* Then upon ***Plaintiff*** receiving notice in ***December 2013*** from some of her family members and friends who were invited via ***Facebook*** by ***the subject imposter site*** to become ***"Facebook friends of Plaintiff" (for a Plaintiff who had been entirely off Facebook for several months beforehand).   Defendant Facebook*** failed to live up to its worldwide marketing and advertising promise to remove the subject ***Facebook*** imposter site within a reasonable period of time, despite repeated requests of ***Plaintiff and, Plaintiff's*** friends, and ***Plaintiff's*** family members ***(through proper Facebook procedures)*** to do so ***over a period of months.***

*4.* Indeed, only after the above referenced failures of ***Defendant*** to remove the clearly offensive subject imposter site over an ***extended period of months in the face of multiple unsuccessful attempts and requests to "remove this Meryem Ali imposter site,"*** and only after the Houston Police Department subpoenaed ***Defendant Facebook*** records to help ***search and trace, and locate the true source for the starting and maintenance and continued false representations of the subject imposter Facebook site over the months*** that the imposter site remained ***"active and up on Facebook"*** did Defendant Facebook ***finally***

3

*deactivate the clearly offensive, disparaging, and defamatory imposter site.*

5. *This action is brought to seek full justice for the significant trauma, extreme humiliation, extreme embarrassment, severe emotional disturbances, and severe mental and physical suffering that Plaintiff has unfortunately suffered and experienced due to the unconscionable activities and gross failures of Defendant Adeel and Defendant Facebook that are the subject of this action*, for which *Plaintiff* seeks a *significant award of actual/compensatory and punitive/exemplary damages* from *Defendants*. By this action, *Plaintiff* seeks to *expose the frailties and failures of the falsely advertised, and false promoted privacy mechanisms of Defendant Facebook the largest social network in the world*, and the *significant damages that result to innocent individuals* like *Plaintiff* as a result of those frailties and failures that *Defendant Facebook's upper management, officers, directors, and key employees* have *long known about and essentially concealed*. The true nature of the frailties and failures of its systems upon the *unsuspecting and innocent public.*

<u>*Parties, Jurisdictional, and Venue*</u>

*6.* *Plaintiff is qualified in all ways to commence and maintain this action.*

*7.* *Defendant Facebook, Inc. is subject in all ways to the jurisdiction of this Court.* *Moreover, Defendant Facebook* may be *personally served* with the *citation* and this *Plaintiff's Original Petition* by personally serving the *registered agent* of *Defendant Facebook* at the following addresses:

*Facebook, Inc.*
*c/o Registered Agent*
*Corporations Service Company*
*211 East 7th Street, Suite 620*
*Austin, Texas 78701*

**and**

*8.* *Defendant Adeel Shah Khan is subject in all ways to jurisdiction of this Court.* *Defendant Adeel* may be personally served with the *citation* and *Plaintiff's Original Petition* as follows:

*Adeel Shah Khan*
*881 Heritage Drive*
*Addison, Illinois 60101*

**9.**     This Court possesses both the *subject matter jurisdiction* and *personal jurisdiction* over the *claims* and the *parties* of this lawsuit. *The subject matter of this lawsuit and substantial activities which form the basis of this lawsuit occurred in Houston, Harris County, Texas at the time of the filing of this lawsuit.* Therefore, *venue* is also *proper in this Court.*

<u>*Damages - Maximum Amount to be Sought at Trial*</u>

**10.**     *The maximum amount of actual exemplary/punitive damages that Plaintiff will seek at the time of trial against Defendant Adeel Shah Khan and Defendant Facebook, Inc. is $123,000,000.00 (which represents .10 cents on the dollar for each of the 1.23 billion current subscribers to Defendant Facebook, Inc.).*

<u>*Facts Common To All Counts*</u>

**11.**     This is a *revenge porn* case in which *Defendant Adeel Shah Khan* is an ex-friend of *Plaintiff* who negligently, knowingly, and/or intentionally, maliciously and/or with gross negligence, made a conscious disregard for the reasonable privacy rights of *Plaintiff Meryem Ali* by creating an *"imposter or impersonator Facebook site of Meryem Ali" without the knowledge, consent, or approval of Plaintiff.* This false site was posted and *distributed throughout the extensive worldwide empire and reach of Defendant Facebook* with *pornographic like photographs* that depict the true face of *Plaintiff*, but with

6

*"photo shopped" naked bodies of unknown persons* other than *Plaintiff*, which were attached to *Plaintiff's* true face, but which were not in fact true photographs of *Plaintiff's body*. **These phony photos falsely and maliciously depicted Plaintiff in a clearly derogatory and false light.** These unconscionable activities and pornographic photos were distributed in an effort and with the *intentional and/or negligent result and side effect of causing extreme emotional distress on the part of Plaintiff. The images presented a set of Facebook, Inc.'s communications which were false and defamatory. The images specifically and falsely depicted Plaintiff as some overly bold and overly aggressive sexual person, which Plaintiff in fact and truth is not.* By contrast, the *Plaintiff* in fact and truth never gave consent or approval - - and never would have given any such consent or approval - - for such unconscionable and offensive/pornographic depictions of *Plaintiff*.

*12.* Despite requested and multiple requests made to *Defendant Facebook* to *"remove the imposter site"* at issue, *Facebook* was **negligent** and grossly **negligent** in failing to remove the subject imposter site over a relatively long period of time in light of the issue and circumstances involved in this lawsuit.

7

**13.** In fact and truth, ***Defendant Facebook*** miserably failed at its promise to its 1.2 billion publicly reported subscribers and the media to promptly remove imposter sites such as that involved in this lawsuit once ***Facebook*** receives notice that a particular ***Facebook*** profile at issue is an imposter site. Indeed, although it is not widely known given the extensive efforts of ***Defendant Facebook*** to establish, protect, and maintain at all times a public persona that ***Facebook*** is ***"user friendly"*** and will go to great expense and extent to protect the privacy of its subscribers such as ***Plaintiff, Defendant Facebook, Inc.*** has paid millions of dollars in response to allegations regarding the failures of ***Defendant Facebook*** to in fat protect the privacy rights of its subscribers.

**14.** Contrary to its public persona, ***Facebook's upper management knows that its operations regularly allow for the compromising in significant ways of the reasonable and expected privacy rights of its subscribers such as Plaintiff.*** Indeed ***Facebook, Inc.*** paid ***tens of millions of dollars*** due to privacy concern violations alleged against ***Facebook.*** Moreover, ***despite a relatively recent jury verdict against Facebook from a Houston, Harris County, Texas*** earlier this year for ***$500,000.00 (Five Hundred Thousand Dollars)*** due to privacy concern violations, ***Facebook has made little to no changes to providing better security for the privacy concerns of its subscribers that has also drawn significant media attention.***

***15.*** This lawsuit is intended by ***Plaintiff*** and ***Plaintiff's counsel*** to get ***Defendant Facebook,*** its officers, directors, management, employees and subscribers ***(with media attention)*** to ***stand up, take notice and pay attention to the serious privacy violations concerns involved in revenge porn situations, such as what has occurred in this with respect to Plaintiff and the emotionally destructive injury issues involved in this lawsuit. The days of the rapid growth and rapidly increasing profits for the now public corporation Facebook without adequate attention to the serious privacy right concerns revolving around and throughout the Facebook world and social media world needs significant scrutiny and correction. The days of "business as usual" with respect to how Facebook handles privacy rights/security issues needs to end. Re-examination*** of the ***serious privacy rights/security issues*** involving ***Facebook*** and its vast worldwide web of subscribers and others is ***long overdue*** and ***clearly warranted, especially with the virtually nonresponsive and clearly unacceptable way that Facebook has dealt with and failed to deal with the serious privacy/rights security/revenge porn/imposter Facebook site concerns raised by Plaintiff and others on behalf of Plaintiff in situations at issue in this lawsuit.***

### Count I. (Negligence Against Defendant Facebook, Inc.)

*16.* *The above-referenced paragraphs are incorporated herein by reference for all purposes.*

*17.* *Defendants* were *negligent* toward *Plaintiff* on the *date, time, and occasion*, and in the *manner (both specific acts and specific failures to act)* as referenced above. Said negligence of *Defendants directly* and *proximately caused Plaintiff* the *actual damages* complained about herein. *Defendants are therefore liable to Plaintiff for Plaintiff's reasonable and necessary medical care and/or psychological counselling, expenses, lost earnings, and mental suffering (all past and future),to the extent that the same have been suffered by Plaintiff as a direct and proximate result of the aforementioned negligence of Defendant.*

### Count II. (Breach of Contract Against Defendant Facebook, Inc.)

*18.* *The above-referenced paragraphs are incorporated herein by reference for all purposes.*

*19.* *By the conduct and failures of Facebook as set forth above, Facebook breached its promises and agreements with Plaintiff for which Defendant Facebook should be liable to Plaintiff for not only actual/compensatory damages, but also for reasonable attorneys fees incurred by Plaintiff in the prosecution of this lawsuit and in amount to be proven at the time of trial.*

10

## Count III. (Gross Negligence Against Both Defendants)

20.    The above-referenced paragraphs are incorporated herein by reference for all purposes.

21.    This gross negligence of Defendants directly and proximately caused Plaintiff significant actual damages.  At a minimum, Defendants' gross negligence as alleged herein substantially contributed to causing the Plaintiff damage and harm which is the subject of this lawsuit.

22.    As a result of Defendants' gross negligence, Plaintiff is legally entitled to recover from Defendants in this lawsuit not only actual damages in an amount to be proven at the time of trial, but also punitive/exemplary damages in an amount sufficient to adequately punish Defendants under the overall circumstances of this case, and to deter Defendants and others from engaging in the future with conduct that is complained about in this lawsuit.

23.    Given the above referenced circumstances, **Defendants'** conduct amounted to **gross negligence** under established **Texas law**, and for which **Defendants** are liable to **Plaintiff** for **punitive/exemplary damages** in an amount to be determined by the trier of fact to be **just and warranted under the overall circumstances of this case, and in furtherance of the policies for which punitive/exemplary damages are designated to serve.**

## Count IV. (Intentional Infliction of Emotional Distress Against Defendant)

24. The above-referenced paragraphs are incorporated herein by reference for all purposes.

25. Defendants' above referenced misconduct amounts to extreme, outrageous and unconscionable conduct that was intended by Defendant to inflict extreme emotional distress upon Plaintiff. The complained about conduct was not legally justified and is not something for which there is any legal excuse under the law. By engaging in such conduct, Defendants did indeed cause Plaintiff extreme emotional distress for which Plaintiff seeks an award of actual/compensatory damages and punitive/exemplary damages in amounts to be determined by the trier of fact as being just under all of the circumstances at issue in this lawsuit.

## Count V. (Invasion of Privacy Against Both Defendants)

26. The above-referenced paragraphs are incorporated herein by reference for all purposes.

**27.** At all relevant times, ***Plaintiff*** had a reasonable expectation of privacy with respect to any photograph that would depict ***Plaintiff's*** face and any naked body as part of the same photograph. The ***Defendants*** complained about conduct amounts to an ***unlawful invasion of the Plaintiff's right to privacy***, for which ***Defendants*** should rightfully be held liable not only for a ***significant award of actual/compensatory damages, but also a very sizable award of punitive/exemplary damages in an amount sufficient to punish Defendants for their wrongdoing, as well as deter Defendant and others similarly inclined as Defendant from ever again engaging in the aggregious and unconscionable conduct complained about in this lawsuit.***

### *Requests for Disclosure*

**28.** ***Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days of service of this request, the information or materials described in rule 194.2 (a) - (k).***

## *Prayer for Relief*

***WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for a Judgment against Defendants as follows:***

a. For ***actual damages*** in an amount to be proven at the time of trial; and

b. For ***punitive/exemplary damages*** as set forth above; and

c. For taxable ***Costs of Court***; and

d. For ***pre-judgment interest*** and ***post-judgment interest*** at the ***maximum rates*** permitted by ***Texas law***; and

e. ***For all such other relief, at law and in equity, to which this Court deems just under the circumstances of this case.***

Respectfully submitted,

**DAVID T. ALTENBERN**
*Attorney/Mediator*
*Altenbern & Associates, P.L.L.C.*
**State Bar No. 01117870**
**One Riverway, Suite 2300**
**Houston, Texas 77056**
*Tel: (713) 961-8012*
*Fax: (713) 961-8022*
*email: davidalt22@hotmail.com*
*website: www.attorneyaltenbern.com*
***Attorney for Plaintiff***